UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ELISA SERNA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO, et al. <br><br> Defendants. | Case No. 20cv2096-LAB-MSB <br><br> **ORDER GRANTING MOTION TO DISMISS PORTIONS OF AMENDED COMPLAINT [Dkt. 17]** |

When Elisa Serna was admitted to the Los Colinas Detention Facility on November 6, 2019, she reported that she was addicted to heroin and alcohol and had used those two substances and Xanax two hours before booking. She died in custody five days later, after her jailers allegedly failed to address her withdrawal symptoms and dehydration.

Five plaintiffs brought this action: Serna's estate (the "Estate"); her widower, Brandon Honeycutt; her minor child, S.H.; and her parents, Michael and Paloma Serna. The First Amended Complaint ("FAC") asserts nine causes of action against nine defendants. Three of these defendants, Coast Correctional Medical Group, Friederike von Lintig, and Mark O'Brien (collectively, the "Movants") have moved to dismiss portions of Plaintiffs'

state law wrongful death claim and the entirety of their § 1983 claim relying on a wrongful death theory. (Dkt. 17). Because the claims at issue lack a viable legal theory, that motion is **GRANTED.** Plaintiffs' second cause of action for wrongful death under 42 U.S.C. § 1983 is **DISMISSED WITHOUT PREJUDICE**. The state law wrongful death claims brought by the Estate, Michael Serna, and Paloma Serna are **DISMISSED WITH PREJUDICE**. And to the extent the FAC seeks to assert a survival action for state law wrongful death on behalf of any plaintiff other than the Estate, that claim is **DISMISSED WITH PREJUDICE**.

## DISCUSSION

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It's not enough, as Plaintiffs argue, for the complaint to provide "fair notice of the substance of [a] claim." Dkt. 19 at 1. The requirement that the pleading "show[] that the pleader is entitled to relief" encompasses not only notice, but a viable legal theory. *See* Fed. R. Civ. P. 8(a). As a result, even where a pleading alleges sufficient facts and identifies a legal theory that the plaintiff intends to pursue, a court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) where that theory isn't cognizable. *See Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008) (Rule 12(b)(6) dismissal appropriate "where the complaint lacks a cognizable legal theory"). The Movants take no issue with Defendants' factual allegations, arguing only that several of the FAC's claims lack a cognizable legal theory.

### I.   The FAC Doesn't Identify a Federal Right Supporting the Second Cause of Action

Movants advance two arguments against Plaintiffs' § 1983 claim premised on wrongful death: first, that a right secured by state law can't

support a § 1983 claim; and second, that the claim is "subsumed" by Serna's other § 1983 claims based on more specifically identified rights.

A plaintiff can recover under § 1983 only where that claim is supported by "the violation of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988). This language limits § 1983's protection to "violation[s] of *federal* rights." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106 (1989) (emphasis added). Where the allegations clearly suggest a federal right, but don't specifically identify it, courts can construe the claim to rely on that right. *See Estate of Lopez v. Torres*, 105 F. Supp.3d 1148, 1160 (S.D. Cal. 2015). But the FAC doesn't clearly suggest a federal right in connection with Serna's alleged wrongful death that isn't already covered by one of Serna's four other, more specifically pled § 1983 claims.

Because Plaintiffs fail to identify a federal right supporting their second cause of action, that claim is **DISMISSED WITHOUT PREJUDICE** but with leave to amend to identify a violation of a federal right distinct from those supporting their other § 1983 claims.

## II. Several Distinct Claims Within Plaintiffs' Seventh Cause of Action Lack Cognizable Theories

The FAC states that its seventh cause of action is a "Wrongful Death & Survival Action" brought by the Estate, Honeycutt, S.H., Michael Serna, and Paloma Serna. But Plaintiffs argue that this isn't, as the title would suggest, merely a wrongful death claim brought as a survival action. The claim incorporates by reference "all California state law claims as basis for state law wrongful death cause of action and incorporate[s] later torts by reference." (Dkt. 11 ¶ 259). On this basis, Plaintiffs appear to argue that the seventh cause of action incorporates not only wrongful death based on those theories, but also those theories as standalone torts. (Dkt. 19 at 2–3). To the

extent that was Plaintiffs' intent, though, the FAC doesn't give Defendants adequate notice.

Other claims incorporated in the seventh cause of action lack cognizable legal theories. First, as Plaintiffs acknowledge, the parents of a decedent can't assert a wrongful death action where the decedent is survived by a child. Cal. Code Civ. Proc. § 377.60(a). Second, a person's estate can't assert a wrongful death action in California premised on that same person's death. A wrongful death cause of action "is vested in the decedent's heirs," not the estate. *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1263 (2006). Serna's Estate, then, can't assert a survival action for wrongful death. Finally, where the decedent has a personal representative, only that personal representative, acting on behalf of the estate, may assert a survival claim. Cal. Code Civ. Proc. § 377.30. Insofar as Honeycutt or S.H. seeks to assert a survival claim, then, such a claim must also be dismissed.

## CONCLUSION

The Motion to Dismiss Portions of the Amended Complaint, (Dkt. 17), is **GRANTED**. The second cause of action is **DISMISSED WITHOUT PREJUDICE**. The wrongful death claims brought by the Estate, Michael Serna, and Paloma Serna in the seventh cause of action are **DISMISSED WITH PREJUDICE**. And to the extent that cause of action includes a survival action purportedly brought on behalf of Honeycutt or S.H., such a claim is **DISMISSED WITH PREJUDICE**.

Plaintiffs' argument suggests that they intended to incorporate in the seventh cause of action other tort claims brought as survival actions on behalf of the Estate, but that isn't clear from the FAC. Insofar as they did intend to bring such claims, they must assert them separately from the remaining wrongful death claims by amending their pleading within 14 days of the Court's resolution of the other pending motion to dismiss in this action.

(Dkt. 22). If no such amendment is filed, the Movants must respond to the remaining portions of the FAC no later than 28 days after the still-pending motion to dismiss is resolved.

**IT IS SO ORDERED.**

DATED: September 30, 2021

_____
Hon. Larry A. Burns
United States District Judge