# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ELISA SERNA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>Defendants. | Case No. 20cv2096-LAB-MSB<br><br>**ORDER:**<br><br>**1) GRANTING IN PART AND DENYING IN PART MOTION TO STAY CIVIL PROCEEDINGS [Dkt. 36]; and**<br><br>**2) GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME TO FILE ANSWER [Dkt. 38]** |

Five plaintiffs brought this action seeking relief for the death of Elisa Serna at San Diego County's Las Colinas Detention Facility: Serna's estate (the "Estate"); her widower, Brandon Honeycutt; her minor child, S.H., through her alleged guardian *ad litem*, Paloma Serna; and her parents, Michael and Paloma Serna. After Plaintiffs initiated the action, one defendant, Danalee Pascua, was charged with involuntary manslaughter in connection with Serna's death. Pascua moved to stay this action pending resolution of her criminal case. (Dkt. 36). (Dkt. 43). Plaintiffs oppose the request for a blanket stay, contending that any prejudice could be avoided by permitting Pascua to file her answer under seal and issuing a narrower

six-month stay applicable only to discovery from Pascua. (Dkt. 40). Three defendants—Coast Correctional Medical Group, Friederike von Lintig, M.D., and Mark O'Brien (the "Opposing Defendants")—oppose a stay insofar as it would prevent them from receiving initial disclosures, pointing to their need for records held by the County and Plaintiffs. (Dkt. 41). And five other defendants—the County of San Diego, William Gore, Barbara Lee, Lorna Roque, and Hazel Camama (the "Joining Defendants")—join in Pascua's request "for the same reasons articulated [in that request]," but there is nothing to suggest that any of them have been criminally charged. (Dkt. 43).

Courts have discretion to stay civil proceedings in the interest of justice and to avoid substantial prejudice to the rights of a defendant while related criminal proceedings are pending. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (1995). "The decisionmaker should consider the extent to which the defendant's [F]ifth [A]mendment rights are implicated," as well as: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 324–25 (cleaned up) (citing *Fed. Sav. & Loan Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989)).

The progress of this action while Pascua's criminal charges are pending strongly implicates her Fifth Amendment right against self-incrimination. Plaintiffs' civil claims and the criminal charges are undisputedly based on the same alleged conduct, so requiring Pascua to publicly defend the civil action or to face the Federal Rules of Civil Procedure's broader discovery obligations may interfere with that Fifth Amendment right. *See*

*Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980).

But protecting Pascua's Fifth Amendment rights doesn't require staying the civil action in its entirety against all eleven Defendants, and the Joining Defendants don't identify any interest of their own that warrants a stay. The Court finds that the Plaintiffs' proposed solution—permitting Pascua to file her Answer to the Second Amended Complaint under seal and staying discovery from her for six months—adequately protects both Pascua's Fifth Amendment rights and other parties' interests in an efficient resolution. It further finds that, although there is a presumption in favor of public access to court records, *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), the public's interest is outweighed by the prejudice Pascua would suffer from being required to file a public response to the pleading in this action while her criminal case is pending. It therefore **ORDERS**:

1) The Motion for an Extension of Time to File an Answer to the Second Amended Complaint, (Dkt. 38), is **GRANTED IN PART AND DENIED IN PART**. Defendants Camama, County of San Diego, Gore, Lee, Pascua, and Roque must file a response to the Second Amended Complaint no later than **May 11, 2022**;

2) Pascua may file her response to the Second Amended Complaint under seal. *See* Fed. R. Civ. P. 26(c) (court may, for good cause, issue a protective order). No later than seven days after any judgment in Pascua's criminal case becomes final, Pascua is **ORDERED** to file in this action a notice of that judgment, referencing this Order. Once that notice is filed, the Court intends to unseal Pascua's response to the Second Amended Complaint;

3) Discovery from Pascua is **STAYED** until **October 27, 2022**. Pascua may seek an extension of this stay from Magistrate Judge Berg or any magistrate judge assigned to this case on or after **September 27, 2022**, in the event that her criminal case has not resulted in a final judgment by that earlier date. Any such motion must inform the Court of any upcoming scheduled trial or hearing dates in the criminal case. Any party may file a motion seeking to lift the stay once that case has resulted in a final judgment.

**IT IS SO ORDERED.**

DATED: April 27, 2022

Hon. Larry A. Burns
United States District Judge