CLAUDIA SILVA, County Counsel (SBN 167868)
FERNANDO KISH, Senior Deputy (SBN 236961)
SARAH H. LANHAM, Senior Deputy (SBN 213555)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5244; (619) 531-4713; Fax: (619) 531-6005
E-mail: fernando.kish@sdcounty.ca.gov;
E-mail: sarah.lanham@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, William Gore, Barbara Lee, Lorna Roque, and Hazel Camama

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ELISA SERNA by and through its successor-in-interest BRANDON HONEYCUTT; S.H., by and through her guardian *ad litem* PALOMA SERNA; BRANDON HONEYCUTT; MICHEL SERNA; and PALOMA SERNA, <br><br>Plaintiffs, <br><br>v. <br><br>COUNTY OF SAN DIEGO, WILLIAM GORE in his individual capacity, BARBARA LEE, in her individual capacity, MARK O'BRIEN, in his individual capacity, FRIEDERIKE C. VON LINTIG, in her individual capacity, LORNA ROQUE, in her individual capacity, DANALEE PASCUA, in her individual capacity, HAZEL CAMAMA, in her individual capacity, LACEE LOVISA, in her individual capacity, REISHONE FOSTER, in her individual capacity, COAST CORRECTIONAL MEDICAL GROUP; and DOES 3-30, <br><br>Defendants. | No. 20cv2096-LAB-DDL <br><br>**DEFENDANTS COUNTY OF SAN DIEGO, WILLIAM GORE, BARBARA LEE, LORNA ROQUE AND HAZEL CAMAMA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br>Dept.: 14A - Courtroom of the Honorable Larry A. Burns <br><br>Magistrate Judge: Hon. David D Leshner |

///

///

20cv2096-LAB-DDL

Defendants County of San Diego, William Gore, Barbara Lee, Lorna Roque and Hazel Camama (collectively, "County Defendants") answer the Second Amended Complaint ("SAC") brought by Plaintiffs as follows:

1. The "Table of Contents" and "Introduction" sections of the SAC do not contain allegations that require a response from County Defendants and/or are not presented in a permissible format. Instead, that section contains a summary of Plaintiffs' versions of facts, which are repeated in different sections throughout the SAC. Except as expressly admitted in the numbered paragraphs below, County Defendants deny each and every allegation contained in the "Table of Contents" and "Introduction" sections.

2. In answering paragraph 1, County Defendants admit that Plaintiffs contend jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(3) and (4), et seq.

3. In answering paragraph 2, County Defendants admit that venue is proper in the Southern District of California.

4. In answering paragraph 3, County Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations contained therein.

5. In answering paragraph 4, County Defendants deny that S.H. is legally related to Decedent, deny that S.H. is an heir or beneficiary of the Estate of Elisa Serna, and deny that S.H. is legally Decedent's minor daughter, and admit that plaintiffs Michael Serna and Paloma Serna have formally adopted S.H. As to the remaining allegations in that paragraph, County Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations contained therein.

6. In answering paragraph 5, County Defendants deny that S.H. is a successor in interest under California law and deny that she succeeds to Decedent's interests, claims, and causes of action. As to the remaining allegations in that paragraph, County

Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations contained therein.

7. In answering paragraph 6, County Defendants deny that S.H. has a right to bring this action and denies that Elisa Serna is her legal mother. As to the remaining allegations in that paragraph, County Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations contained therein.

8. County Defendants admit the allegations contained in paragraphs 7, 9, 21, 22 and 91. In response to paragraph 8, County Defendants admit that no formal denial was sent and deny the remainder of the allegations therein.

9. In answering paragraph 10, Defendant County of San Diego admits that it is a public entity, duly organized under the laws of the State of California, and that it owns and operates the San Diego County Jails, including the Las Colinas Jail. As to the remaining allegations in said paragraph, County Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations contained therein.

10. In answering paragraph 11, County Defendants admit that, at the time of Ms. Serna's death, William Gore was the Sheriff for the County of San Diego, which is the highest position in the San Diego County's Sheriff's Department. County Defendants deny the remaining allegations, in part, because County Defendants find the terms "control" and "and/or agents" and the incorporation of allegations regarding dismissed "Doe Defendants" to be vague and ambiguous.

11. In answering paragraph 12, County Defendants admit that Sheriff William Gore was, at the time of Ms. Serna's death, involved in making policy for the San Diego County Sheriff's Department. County Defendants deny the remaining allegations contained in this paragraph, in part because County Defendants find the terms "promulgation," "responsible," "supervision," "control," "under his command," "are or were employed," and "report to" to be vague and ambiguous in part because the

allegation incorporates "Defendants to be named," yet Doe Defendants have been dismissed.

12. In answering paragraph 13, County Defendants admit that Barbara Lee was, at the time of Ms. Serna's death, the Medical Services Administrator the for San Diego County Sheriff's Department. County Defendants deny the remaining allegations contained in paragraph 13, in part because the terms "supervised," "directed," "oversaw," "development," "implementation," "quality assurance," and "utilization review" to be ambiguous, and in part because the incorporation of allegations regarding dismissed Doe Defendants renders the allegations vague.

13. In answering paragraph 14, County Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny the allegations contained therein.

14. Paragraph 15 consists of statements of law, argument, or legal conclusions, and therefore requires no response from County Defendants. To the extent any further response to the remaining allegations in these paragraphs is required, County Defendants deny the allegations contained therein.

15. In answering paragraph 16, County Defendants admit that some of the named individual defendants were, at the time of Ms. Serna's death, deputies or medical personnel. The remaining allegations amount to conclusion of law or are directed at unidentified and unspecified and now dismissed "Doe Defendants" and, on those bases, require no response from County Defendants. To the extent any further response beyond County Defendants' admission is required, County Defendants deny the allegations, in part due lack of knowledge and information sufficient to form a belief as to the truth of the further allegations in this paragraph.

16. In response to paragraph 17, County Defendants admit that Las Colinas Jail is owned and operated by the County of San Diego and that some of the individuals working there are deputies of the San Diego County Sheriff's Department. County Defendants deny the remaining allegations contained in this paragraph.

- 3 -

20cv2096-LAB-DDL

17.     Paragraph 18 requires no response because the Doe Defendants were dismissed.  Regardless, County Defendants deny the remaining allegations contained in this paragraph.

18.     Paragraph 19 requires no response because the Doe Defendants were dismissed.  Regardless, County Defendants deny the remaining allegations contained in this paragraph.

19.     In answering paragraph 20, 190, 211, 220, 241, 302, 313, and 332, County Defendants repeat and incorporate each response in every previous paragraph.

20.     In answering paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 79, 82, 83, 84, 85, 86, 87, 88, 89, 90, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, and 204, the County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and specifically deny any allegations made against them unless otherwise already expressly admitted.  In addition, Deputies Lovisa, Foster and the Doe Defendants were dismissed.

21.     The County Defendants deny the allegations contained in paragraphs 44, 106, 108, 109, 110, 111, 112, 124, 126, 129, 132-134, 148, 160, 170, 191, 205, 206, 212, 221, 222, 223, 224, 227, 228, 229, 230, 231, 232, 233, 234, 237, 238, 239, 240, 242, 243, 244, 248, 250, 251, 252, 253, 254, 255, 256, 257, 258, 261, 262, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 291, 295, 296, 297, 307, 316, 317, 318, 319, 320, 321, 322, 323, 324, 326 327, 334 and all sub-parts therein, 336 and all subparts therein, 339, and 341 of the SAC, in their entirety.  In addition, Defendants Lovisa, Foster, and the Doe Defendants were dismissed.

22.     In response to paragraphs 76, 78, 79, 80 and 81, Defendant Lovisa and the Doe Defendants were dismissed.  As to the remaining allegations, the County Defendants lack knowledge or information sufficient to form a belief about the truth of the

1  allegations and specifically deny any allegations made against them unless otherwise
2  already expressly admitted.

3     23.    In response to paragraph 77, Defendant Foster has been dismissed.  As to the
4  remaining allegations, the County Defendants lack knowledge or information sufficient
5  to form a belief about the truth of the allegations and specifically deny any allegations
6  made against them unless otherwise already expressly admitted.

7     24.    In response to paragraph 91, the County Defendants admit that defendant
8  Pascua was criminally charged with involuntary manslaughter, but lack knowledge or
9  information sufficient to form a belief about the truth of the remaining allegations and
10 specifically deny any allegations made against them unless otherwise already expressly
11 admitted.

12    25.    In response to paragraphs 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103,
13 104, 105, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124,125, 127 (and all
14 subparts therein), 128, 129, 130, 131, 132, 133, 134, 135, 155, 156, 157, 158, 159, 160,
15 161, 162, 163, 164, 165, 166, 167, 168, 169, 171, 172, 173, 174, 175, 176, 177, 178, 179,
16 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 290, 292, and 294, those paragraphs
17 contain overly broad statements that amount to argument and legal conclusions regarding
18 incidents unrelated to the incident at issue, and/or references to news publications,
19 outside reports, and the contents of legal filings in other matters (some of which are
20 currently pending before this and other courts).  Accordingly, these allegations do not
21 appear to require any response from County Defendants.  To the extent that any of the
22 allegations contained therein do require a response, however, they are denied.

23    26.    In response to paragraph 107, the Doe Defendants were dismissed.  As to the
24 remaining allegations, the County Defendants lack knowledge or information sufficient
25 to form a belief about the truth of the allegations and specifically deny any allegations
26 made against them unless otherwise already expressly admitted.

27    27.    In response to Paragraphs 136, 137, 138, 139, 140, 141, 142, 143, 144, 145,
28 146, 147, 148, 149, 150, 151, and 152, County Defendants admit that the NCCHC

provided its "Technical Assistance Report" to the San Diego County Sheriff's Department in January 2017. With regard to the remaining allegations in paragraphs 136-152, County Defendants respond that the NCCHC report speaks for itself. To the extent that the remaining allegations in paragraph 136-152, are inconsistent with the NCCHC report, County Defendants deny them.

28. In response to paragraphs 113, 130, 153, 154, 204, 207, 208, 209, 210, 213, 214, 215, 216, 217, 218, 219, 225, 226, 235, 236, 245, 246, 247, 249, 259, 260, 263, 264, 293, 298, 299. 300, 301, 302, 303, 304, 305, 306, 308, 309, 310, 311, 312, 314, 315, 325, 328, 329, 330, 331, 333, 335, 337, 338, 340, 314, and 342 of the SAC contain statements of the lawsuit, Plaintiffs' theories of the lawsuit, legal conclusions and arguments, incorporations of previous paragraphs, statements regarding DOE defendants who have been dismissed, and/or other matters that appear to require no response from County Defendants. Further, with regard to paragraphs 212 -219, that cause of action was dismissed as to plaintiff Brandon Honeycutt. To the extent that any of the allegations contained therein do require a response, however, they are denied. In addition, Defendants Lovisa, Foster, and the Doe Defendants were dismissed.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State Causes of Action)

As a first, separate and distinct affirmative defense, County Defendants allege that The Second Amended Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### Second Affirmative Defense

(No Common Law Negligence)

As a second, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for common-law negligence and is only liable pursuant to statute by operation of section 815 of the Government Code.

///

<u>Third Affirmative Defense</u>

(Independent Contractor)

As a third, separate and distinct affirmative defense, County Defendants allege that they are not liable in that the injuries and damages, if there were any, were caused by the tortious acts or omissions of an independent contractor.

<u>Fourth Affirmative Defense</u>

(Superseding/Intervening Cause)

As a fourth, separate and distinct affirmative defense, County Defendants allege that they are not liable in that the injuries and damages, if there were any, were caused by the acts or omissions of other persons, not officers or employees of Defendant County of San Diego. Such superseding or intervening causes cut off the County Defendants' liability, if any.

<u>Fifth Affirmative Defense</u>

(Contributory Negligence)

As a fifth, separate and distinct affirmative defense, the County Defendants allege that Ms. Serna acted unreasonably, carelessly, and negligently in and about the matters alleged in the Second Amended Complaint in that Ms. Serna did not exercise ordinary care, caution, or prudence for her own safety and protection. These acts of unreasonableness, carelessness, and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any. However, if the County Defendants are found legally responsible, then County Defendants provisionally allege that their acts or omissions were not the sole and proximate cause of Ms. Serna's and/or Plaintiffs' injuries and damages and that the damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities who contributed to and/or caused the injuries and damages, according to proof presented at the time of trial.

///

///

Sixth Affirmative Defense

(Failure to Mitigate)

As a sixth, separate and distinct affirmative defense, County Defendants allege that Plaintiffs and/or Ms. Serna failed, refused, and neglected to reasonably mitigate their damages, which bars or diminishes any recovery.

Seventh Affirmative Defense

(Medical Care for Prisoner)

As a seventh, separate and distinct affirmative defense, County Defendants allege that they are not liable for any injury caused by an alleged failure to furnish or obtain medical care for a prisoner, by operation of section 845.6 of the Government Code.

Eighth Affirmative Defense

(Physical/Mental Examination)

As an eighth, separate and distinct affirmative defense, County Defendants allege that they are not liable pursuant to Government Code section 855.6 for any alleged failure to make a physical examination or to make an adequate physical or mental examination for the purpose of determining whether such person has a disease or physical or mental condition.

Ninth Affirmative Defense

(Mental Illness Treatment)

As a ninth, separate and distinct affirmative defense, County Defendants allege that they are not liable pursuant to Government Code section 855.8 for the diagnosis and treatment of mental illness.

Tenth Affirmative Defense

(Mental Illness Confinement)

As a tenth, separate and distinct affirmative defense, County Defendants allege that they are not liable pursuant to Government Code section 856 for any determination as to confinement for mental illness, or for release from such confinement under this section and/or pursuant to Welfare and Institutions Code section 5154.

## Eleventh Affirmative Defense

(Immunity for Non-admission)

As an eleventh, separate and distinct affirmative defense, County Defendants allege that they are not liable pursuant to Government Code section 856.4 for injury resulting from any claimed failure to admit a person to a medical facility.

## Twelfth Affirmative Defense

(Immunity for Prisoner Injury)

As a twelfth, separate and distinct affirmative defense, Defendant County of San Diego alleges it is not liable for any injury caused by or to any prisoner by operation of section 844.6 of the Government Code.

## Thirteenth Affirmative Defense

(Qualified Immunity)

As a thirteenth, separate and distinct affirmative defense, County Defendants (other than County of San Diego) allege that they are entitled to qualified immunity from liability under title 42, United States Code section 1983.

## Fourteenth Affirmative Defense

(Absolute Immunity)

As a fourteenth, separate and distinct affirmative defense, County Defendants allege that they are entitled to absolute immunity from liability under title 42, United States Code section 1983.

## Fifteenth Affirmative Defense

(Policymakers)

As a fifteenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for alleged violations of civil or constitutional rights by non-policymakers, or by policymakers who are acting on behalf of an entity other than the County of San Diego.

///

///

## Sixteenth Affirmative Defense
### (Untimely Claim Under Government Code Section 945.4)

As a sixteenth, separate and distinct affirmative defense, County Defendants allege that the action is barred by the failure of Plaintiffs to timely comply with the administrative claim provisions of section 945.4 of the Government Code.

## Seventeenth Affirmative Defense
### (Collateral Source)

As a seventeenth, separate and distinct affirmative defense, County Defendants allege that, pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

## Eighteenth Affirmative Defense
### (Punitive Damages Barred)

As an eighteenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for punitive or exemplary damages.

## Nineteenth Affirmative Defense
### (S.H. Lacks Standing)

As a nineteenth, separate and distinct affirmative defense, the County Defendants allege that plaintiff S.H. lacks standing to pursue this action and any and all causes of action therein because she is not legally related to Elisa Serna.

## Twentieth Affirmative Defense
### (Assumption of the Risk)

As a twentieth, separate and distinct affirmative defense, the County Defendants are informed and believe and based thereon alleged that all risks and dangers, if any, relating to the incident referred to in the operative complaint, had been seen, understood, recognized, fully appreciated and fully known to Ms. Serna prior to and at the time of the incident referred to in the operative complaint, and that Ms. Serna voluntarily accepted said risks, thereby assuming the risk of any and all injuries or damages which might or

did result from the incident referred to in the Complaint, and as such, Plaintiffs are thereby barred from any recovery herein.

### Twenty-first Affirmative Defense
(Failure of Others to Use Reasonable Care)

As a twenty-first, separate and distinct affirmative defense, the County Defendants are informed and believe and based thereon allege that persons and parties other than the injury party failed to exercise ordinary or reasonable care at the time and place referred to the operative complaint and that such negligence on the party of said other persons or parties proximately caused and contributed to the injuries and damages of the injury party and that if Plaintiffs recover any sums whatsoever herein, such amounts must be diminished in proportion to the fault of said other persons or parties and such damages, if any, must be borne by said persons and parties on a pro-rata basis.

### Twenty-second Affirmative Defense
(California Fair Responsibility Act of 1986)

As a twenty-second, separate and distinct affirmative defense, the County Defendants' responsibility, if any, to Plaintiffs, is limited pursuant to the provisions of the California Fair Responsibility Act of 1986.

### Twenty-third Affirmative Defense
(California Civil Code § 3333.2)

As a twenty-third, separate and distinct affirmative defense, in the event the County Defendants are found to have been negligent, which they deny, then the damages for non-economic losses, if any, shall not exceed the amount specified in California Civil Code § 3333.2.

### Twenty-fourth Affirmative Defense
(California Code of Civil Procedure § 667.7)

As a twenty-fourth, separate and distinct affirmative defense, in the event the County Defendants are found to have been negligence, which they deny, these Defendants may elect to have future damages, if any, in excess of the amount specified in

- 11 -

20cv2096-LAB-DDL

California Code of Civil Procedure § 667.7 paid in whole or in part, as specified in that said section.

### Twenty-fifth Affirmative Defense
#### (Statute of Limitations)

As a twenty-fifth, separate and distinct affirmative defense, the operative complaint and each cause of action therein is barred by the statute of limitations, including, but not limited to California Code of Civil Procedure §§ 335.1, 340.5.

### Twenty-sixth Affirmative Defense
#### (Immunity)

As a twenty-sixth, separate and distinct affirmative defense, the County Defendants are immunized from liability pursuant to California Business and Professions Code §2396, and California Health and Safety Code §1317.

### Twenty-seventh Affirmative Defense
#### (Unclean Hands)

As a twenty-seventh, separate and distinct affirmative defense, Plaintiffs' and/or Ms. Serna's conduct was undertaken with unclean hands, and as such, Plaintiffs are estopped from pursuing their claims.

### Twenty-eighth Affirmative Defense
#### (California Government Code § 820.6)

As a twenty-eighth, separate and distinct affirmative defense, the County Defendants allege that they are not liable by operation of California Government Code § 820.6.

### Twenty-ninth Affirmative Defense
#### (California Code of Civil Procedure § 425.13)

As a twenty-ninth, separate and distinct affirmative defense, the County Defendants allege that they are not liable for punitive damages operation of California Code of Civil Procedure § 425.13.

///

1 | Thirtieth Affirmative Defense
2 | (California Civil Code § 1714.8)

3 As a thirtieth, separate and distinct affirmative defense, the County Defendants
4 allege that they are not liable by operation of California Civil Code § 1714.8.

5 | Thirty-first Affirmative Defense
6 | (California Business and Professions Code § 6146)

7 As a thirty-first, separate and distinct affirmative defense, in the event the County
8 Defendants are found to owe damages, which they deny, the damages owed shall be in
9 accordance with California Business and Professions Code § 6146.

10 | Thirty-second Affirmative Defense
11 | (California Civil Code § 1431.2)

12 As a thirty-second, separate and distinct affirmative defense, in the event the
13 County Defendants are found to owe damages, which they deny, non-economic damages
14 shall be limited pursuant to the provisions of California Civil Code § 1431.2.

15 | Thirty-third Affirmative Defense
16 | (Justification and Good Faith Belief)

17 As a thirty-third, separate and distinct affirmative defense, the County Defendants
18 allege that their conduct, acts, or omissions regarding the matters alleged in the operative
19 complaint were justified under the law, within the acceptable community standards, and c
20 defenses in the event discovery or clarification of Plaintiffs' claims indicates that it would
21 be appropriate.

22 **DEMAND FOR JURY TRIAL**

23 Pursuant to Federal Rule of Civil Procedure 38, the County Defendants demand a
24 jury trial regarding this action.

25 **PRAYER FOR RELIEF**

26 The County Defendants pray that Plaintiffs take nothing by virtue of this operative
27 complaint, that the County Defendants be dismissed with prejudice with their costs of suit
28 incurred herein paid by Plaintiffs, that the County Defendants be dismissed and granted

- 13 -

20cv2096-LAB-DDL

attorneys' fees if applicable, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: March 1, 2023                  CLAUDIA SILVA, County Counsel

By: s/ *Sarah Lanham*, Senior Deputy
Attorneys for Defendants County of San Diego, William Gore, Barbara Lee, Lorna Roque, and Hazel Camama
E-mail: sarah.lanham@sdcounty.ca.gov