1  BLOOD HURST & O'REARDON, LLP
   TIMOTHY G. BLOOD (149343)
2  JAMES M. DAVIS (301636)
   501 West Broadway, Suite 1490
3  San Diego, CA  92101
   Tel: 619/338-1100
4  619/338-1101 (fax)
   tblood@bholaw.com
5  jdavis@bholaw.com

6  Attorneys for Proposed Intervenors The
   San Diego Union-Tribune, LLC and
7  KFMB-TV, LLC

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10 THE ESTATE OF ELISA SERNA, by          Case No. 3:20-cv-02096-LAB-DDL
   and through its personal administrator,
11 Douglas Gilliland; S.H., a minor, by    **MEMORANDUM IN SUPPORT OF**
   and through her guardian ad litem       **THE SAN DIEGO UNION-TRIBUNE,**
12 Paloma Serna; MICHEL SERNA; and        **LLC AND KFMB-TV, LLC'S**
   PALOMA SERNA,                           **MOTION TO INTERVENE**
13
                  Plaintiffs,              HRG DATE:      May 6, 2024
14                                         TIME:          11:30 a.m.
              v.                           JUDGE:         Larry A. Burns
15                                         COURTROOM:     14A
   COUNTY OF SAN DIEGO, et al.,
16                                         District Judge Larry A. Burns
                  Defendants.              Courtroom 14A, Carter-Keep
17                                         Magistrate Judge David D. Leshner
                                           Courtroom Carter-Keep
18
19                                         Complaint Filed:  October 26, 2020
                                           Trial Date:       Not Yet Set
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Proposed Media Intervenors, The San Diego Union-Tribune, LLC, and KFMB-TV, LLC, seek permissive intervention under Fed. R. Civ. P. 24(b) for the limited purpose of challenging the sealing of all exhibits, declarations, and evidence used by the parties in their *Daubert* motions[1] and motions for summary judgment, summary adjudication, and partial summary judgment.[2] Before filing this motion, Proposed Media Intervenors met and conferred with the parties. Plaintiffs agreed to not oppose this motion, while each of the defendants did not agree.

Evidence submitted in conjunction with the unsealing motions include, but may not be limited to, the San Diego County Sheriff Department's review of Elisa Serna's death, authored by Chief Medical Officer Dr. Jon Montgomery, and expert reports and expert deposition testimony.

Proposed Media Intervenors understand that a hearing on plaintiffs' motion to unseal is scheduled for oral argument on April 5, 2024.  Per the parties' stipulated protective order,[3] the exhibits at issue are currently filed conditionally under seal. Plaintiffs have moved to have these exhibits filed publicly[4] and Defendants oppose. Proposed intervenors support Plaintiffs' position that the records should be unsealed. If the Court denies Plaintiffs' request, whether fully or partially, Proposed Media Intervenors will analyze the order to determine whether they have good faith arguments for the further unsealing of documents and, if so, will seek to unseal those documents, as appropriate.

---

[1]    ECF Nos. 291, 293, 295, and 297, including any exhibits used in opposition and reply briefs, where applicable.
[2]    ECF Nos. 305, 306, 308, and 315, including any exhibits used in opposition and reply briefs, where applicable.
[3]    ECF No. 95.
[4]    *See, e.g.*, ECF Nos. 335, 344, 369.

BLOOD HURST & O' REARDON, LLP

00212263

As discussed below, this Court should grant Proposed Media Intervenors' motion to intervene under Fed. R. Civ. P. 24(b) because it is proper, timely, and will not cause any undue delay or prejudice to Plaintiffs or Defendants.

## II. ARGUMENT

### A. The Court Should Allow Proposed Media Intervenors to Intervene for the Limited Purpose of Seeking to Unseal Evidence Used in the Parties' *Daubert* and Summary Judgment Motions

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999); *see also Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 U.S. Dist. LEXIS 66535, at *2 (S.D. Cal. May 14, 2014). Every "circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality" or sealing of judicial records. *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998).

Ordinarily, an applicant seeking permissive intervention under Rule 24(b) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Id*. at 788 (internal quotation and citation omitted). In cases involving a challenge of a protective order, however, an applicant need not have an independent ground for jurisdiction or share a question of law or fact in common with the main action. *See Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 473–74 (9th Cir. 1992) (holding that independent jurisdictional basis and strong nexus of fact or law are not required where intervenor merely seeks to challenge a protective order); *Globe Newspaper Co. v. Super. Ct*., 457 U.S. 596, 609 n.25 (1982) ("[R]epresentatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'") (citation omitted).

BLOOD HURST & O' REARDON, LLP

The typical requirements for permissive intervention do not apply with literal precision to motions seeking access to judicial records. For such motions, courts "adopt generous interpretations of Rule 24(b) because of the need for 'an effective mechanism for third-party claims of access to information generated through judicial proceedings.'" *EEOC*, 146 F.3d at 1045 (citation and emphasis omitted). Intervention here is appropriate because this motion is timely.

To be clear, the limited basis for which Proposed Media Intervenors seek to intervene—to unseal the exhibits filed in conjunction with dispositive and *Daubert* motions—is unrelated to the merits of the underlying action. Proposed Media Intervenors are seeking intervention in this matter while it is still pending and are therefore timely, as intervention to unseal judicial records has been allowed even years after the underlying action had been resolved. *See, e.g.*, *Mendez*, 222 F. Supp. 3d at 790 (granting motion to intervene for purposes of unsealing police video footage that was filed months after the parties settled, and noting that other courts "have found a motion to intervene timely even where a non-party intervenes years after the litigation concluded . . .")

Here, Proposed Media Intervenors' sole basis for seeking intervention is to challenge the sealing of evidence, expert reports, and expert deposition testimony used in the parties' dispositive and *Daubert* motions. Proposed Media Intervenors' status as news media presents this Court with a significant legal question concerning the appropriateness of the continued sealing of those documents. *See Meyer Goldberg, Inc., v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987) ("While a district court has supervisory power over its own records and files, its discretionary powers to seal these records is not insulated from review merely because the judge has discretion in this domain because of the long-established legal tradition which recognizes the presumptive right of the public to inspect and copy . . . ") (internal quotations and citations omitted); *Mendez*, 222 F. Supp. at 788 (media helps public's vigilance in "'keep[ing] a watchful eye on the workings of public agencies'") (quoting *Kamakana*

BLOOD HURST & O' REARDON, LLP

3

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Thus, because Proposed Media Intervenors seek to vindicate a substantial right of access to judicial records, and because courts routinely consider such legal claims sufficient under Fed. R. Civ. P. 24(b) to satisfy the "common question of law" requirement for permissive intervention, this element is likewise satisfied.

The final consideration in deciding whether to grant permissive intervention is deciding whether the intervention, if granted, would result in undue delay or prejudice to the original parties. Fed. R. Civ. P. 24(b)(3). Here, granting Proposed Media Intervenors permissive intervention for the limited purpose of unsealing evidence, expert reports, and expert deposition testimony would not unduly delay the proceedings. If the Court fully grants Plaintiffs' request to unseal these documents or permits them to file them not under seal, Proposed Media Intervenors' request to unseal would be moot. If the Court denies Plaintiffs' request, whether fully or partially, Proposed Media Intervenors will analyze the order to determine whether they have good faith arguments for the further unsealing of documents and, if so, will seek to unseal those documents, as appropriate.

Proposed Media Intervenors do not seek intervention to litigate any issues relating to the merits of the underlying claims. Rather, they seek only to assert a collateral claim regarding the validity of shielding the documents related to a public matter. Because granting Proposed Media Intervenors' request to intervene for this limited purpose would not require the parties to address substantive issues regarding their underlying claims and defenses, granting Proposed Media Intervenors' request for permissive intervention would not result in undue delay. *See, e.g., United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (allowing permissive intervention three years after settlement for the purpose of gaining access to discovery materials subject to protective order).

BLOOD HURST & O' REARDON, LLP

4          Case No. 3:20-cv-02096-LAB-DDL

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

**III.   CONCLUSION**

For the foregoing reasons, Proposed Media Intervenors' request for permissive intervention is timely and would not result in undue delay or prejudice to the original parties. As such, Proposed Media Intervenors' request for permissive intervention for the limited purpose of challenging the sealing of exhibits used in the parties' *Daubert* motions and motions for summary judgment should be granted.

Respectfully submitted,

Dated: April 2, 2024

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
JAMES M. DAVIS (301636)

By:        *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
jdavis@bholaw.com

*Attorneys Proposed Intervenors The San Diego Union-Tribune, LLC, and KFMB-TV, LLC*

00212263

BLOOD HURST & O' REARDON, LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 2, 2024.

_s/  Timothy G. Blood_
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

00212263

BLOOD HURST & O' REARDON, LLP