# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ELISA SERNA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>Defendants. | Case No. 20-cv-2096-BAS-DDL<br><br>**ORDER:**<br>1. **APPROVING MINOR'S COMPROMISE AND FINAL SETTLEMENT (ECF Nos. 509, 513)**<br>2. **GRANTING MOTIONS TO SEAL (ECF Nos. 508, 512)** |

Pending before the Court are the parties' Joint Petition for Order Approving Settlement Involving a Minor and Distribution of Settlement Funds (ECF No. 509), and two Motions to Seal (ECF Nos. 508, 512). Having reviewed the motions and supporting documents, and for the reasons discussed below, the motions are **GRANTED**, and the minor's compromise is hereby **APPROVED**.

## I.   RELEVANT BACKGROUND

Elisa Serna was admitted to the Las Colinas Detention Facility on November 6, 2019. Plaintiffs allege that Elisa Serna did not receive proper medical care during her incarceration and died as a result. Defendants deny Plaintiffs' allegations. S.R.S. is Elisa Serna's biological child. S.R.S. was three years old when Elisa Serna died and is now eight

years old—a minor. S.R.S. proceeded in this action through her guardian, Paloma Serna, who is Elisa Serna's biological mother and is S.R.S.'s biological grandmother. Plaintiffs filed this case on February 2, 2021, and since then have withstood motions to dismiss, discovery disputes, and motions for final judgment.

After years of litigation, the parties have reached a settlement totaling $15 million. Of the $15 million, the County will pay $14 million and Coast Correctional Medical Group will pay $1 million. The plaintiffs have agreed to the following apportionment of the settlement funds:

> The Estate of Elisa Serna: █████
> S.R.S.: █████
> Paloma Serna: █████
> Michael Serna: █████

The Estate of Elisa Serna has two beneficiaries: Brandon Honeycutt and S.R.S. Honeycutt and S.R.S. are expected to take equal shares of the Estate's allotment, pending the approval of the probate court. S.R.S. will not have access to her funds until she is eighteen years old. The awards to Michael and Paloma Serna, the adoptive parents of S.R.S., are intended to ensure the family will be able to provide for S.R.S. until she reaches the age of majority. The structure of this settlement will ultimately guarantee S.R.S. a certain period annuity.

This structured settlement was reviewed and secured with a structured settlement specialist at Ringler and Associates in San Diego: Manny Valdez. Further, S.R.S.'s guardian, Paloma Serna, believes this to be a fair settlement.

Now, the parties jointly move the Court for approval of the minor's compromise and approval of the final settlement. Upon this Court's order, the parties filed a copy of the final settlement agreement in addition to their Motion for Approval of Minor's Compromise. (ECF Nos. 511, 513.) Having now reviewed the Motion and the Settlement Agreement, the Court **GRANTS** the Motion for Approval of Minor's Compromise. (ECF

No. 509.) Additionally, the Court **GRANTS** the parties' Motions to Seal. (ECF Nos. 508, 512.)

## II. LEGAL STANDARDS

### A. Minor's Compromise

Local Civil Rule 17.1 addresses settlements involving minors and states: "**Order of Judgment Required**. No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR 17.1(a).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In *Robidoux*, the Ninth Circuit established that district courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. *Id.* at 1181–82. District courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiff's counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

The Ninth Circuit limited its holding in *Robidoux* "to cases involving the settlement of a minor's federal claims" and did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2.

Under California law, the court is similarly tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. *See A.M.L. v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014). The California Probate Code "bestows broad power on the court to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994) (analyzing Cal. Prob. Code § 3601). The Probate Code also "authorizes the court approving a compromise of a minor's disputed claim to "make a further order authorizing and directing that reasonable expenses, . . . costs, and attorney's fees, as the court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor." Cal. Prob. Code § 3601(a).

District courts are split on whether the *Robidoux* standard applies to the evaluation of a minor's compromise regarding state-law claims. *See DeRuyver v. Omni La Costa Resort & Spa, LLC*, Case No.: 3:17-cv-0516-H-AGS, 2020 WL 563551, at *2 n.1 (S.D. Cal. Feb. 4, 2020) (citing cases). However, where the outcome is the same, the court need not resolve whether *Robidoux* or state rules apply. *Castro v. United States*, Case No. 19-cv-02240-AJB-JLB, 2022 WL 594545, at *2 (S.D. Cal. Feb. 28, 2022) (collecting cases); *see also A.M.L.*, 2020 WL 7130506, at *2 (finding it unnecessary to resolve whether *Robidoux* or state rules applied to the approval of a minor's compromise where the proposed settlement would satisfy both standards).

Courts in this district exercising diversity jurisdiction over state-law claims have found *Robidoux* persuasive in providing a framework for evaluating the reasonableness and fairness of the settlement. *See DeRuyver*, 2020 WL 563551, at *2; *see also Lobaton v. City of San Diego*, Case No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. June 16, 2017) (relying on *Robidoux* as a framework when exercising supplemental jurisdiction over a state law claim).

**B.     Motion to Seal**

When it comes to court records, courts adhere to a strong presumption in favor of public access. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (citation omitted)); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." (citation omitted)).

Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption of access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The heft of that burden depends on the type of motion tied to the documents sought to be sealed. When the related motion is more than "tangentially related to the merits of the case," the more rigorous "compelling reasons" standard applies. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). If the related document is only tangentially related to the merits of the case, the more relaxed "good cause" standard applies. *Id.* at 1096–98.

A motion to approve a minor's compromise and the settlement as a whole is more than tangentially related to the merits of a case, and thus the compelling reasons standard applies to such motions. Under this standard, "the [moving] party must articulate compelling reasons [to seal a document] supported by specific factual findings." *Kamakana*, 447 F.3d at 1178 (citation omitted). These compelling reasons must "outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citation omitted). "[T]he use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" all constitute compelling reasons to seal court records. *Id.* at 1179. Courts will also seal "sensitive personal information." *Id.*

Ultimately, when ruling on motions to seal, district courts have wide discretion and must consider "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## III. ANALYSIS

### A. Reasonableness and Fairness of the Settlement

The Court finds that the total settlement amount of $15 million, with ███████ going to S.R.S. individually, is reasonable, fair, and in S.R.S.'s best interests. In sum, S.R.S. will receive ████████, or ████████████████. After attorney's fees and costs, parties anticipate S.R.S. will receive ████████, individually, as a result of the settlement agreement. The parties represent that such an amount "is expected to yield over ████████ in S.R.S.'s lifetime." (ECF No. 509 at 7:20–21.)

The Court's research demonstrates that a ████████ individual recovery is within the accepted range of settlements for similar claims and injuries in federal and state courts within this Circuit. For instance, in *Hagan*, a minor child and surviving widow brought an action alleging the decedent was "incarcerated at the Butte County Jail, where he was denied medication (Prednisone) needed to treat his asthma; was later transferred to the High Desert State Prison, where he was inadequately treated by incompetent staff; and was eventually flown—much too late—to a hospital, where he died." *Hagan v. California Forensic Med. Grp.*, No. CIV. S-07-1095 LKK, 2012 WL 5397989, at *1 (E.D. Cal. Nov. 2, 2012). The minor ultimately received two annuities approved in two different motions, with $35,000.00 paid by one defendant, and $15,000 by another defendant, for a total of $50,000.00 for the minor plaintiff, after deduction of attorneys' fees. *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-CV-1095 LKK AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013), *report and recommendation adopted,* No. 2:07-CV-1095 LKK AC, 2013 WL 552386 (E.D. Cal. Feb. 12, 2013); *Hagan v. Cal. Forensic Med. Grp.*, 2012 WL 5397989, at *1. In another instance, a court approved a net distribution of $19,092.75 to a minor whose father died in county jail due to a seizure disorder that employees failed to properly monitor or treat. *Cantu v. Kings Cnty.*, No. 120CV00538JLTSAB, 2023 WL 8806569, at

*9 (E.D. Cal. Dec. 20, 2023), *report and recommendation adopted*, No. 120CV00538JLTSAB, 2024 WL 169153 (E.D. Cal. Jan. 16, 2024).

Courts have also approved minor's compromise allotments in the millions. For example, a court found a six-year-old plaintiff's net payment of $4,564,753.45 was fair and reasonable where her mother and grandmother were killed in a vehicle accident, requiring the minor plaintiff be adopted. *Paregien v. Wilshire Ins. Co.*, No. 1:15-cv-1621-AWI-JLT, 2017 WL 6447192, at *1, *3 (E.D. Cal. Apr. 4, 2017).

S.R.S. has suffered no physical injuries. (ECF No. 509 at 16:15.) Prior to Elisa Serna's death, S.R.S. was unaware Elisa Serna was her biological mother. (ECF No. 509-2, Ex. B ¶ 26.) S.R.S. now knows Elisa Serna was her biological mother, talks about her, remembers her, and misses her. (*Id.* ¶ 29.) So far, S.R.S. has not received, nor has she indicated any need for, psychiatric treatment. (*Id.* ¶ 30.) Her grandmother describes her as "a healthy and happy child surrounded by a loving family." (*Id.*)

Given that Defendants contested the significance of the relationship between Elisa Serna and S.R.S., as well as causation and liability, this settlement award generously compensates S.R.S. Therefore, the Court finds that the settlement is fair, adequate, and in S.R.S.'s best interests.

**B.    Attorney's Fees and Litigation Costs**

To be collected from S.R.S.'s individual settlement allocation, "Plaintiffs request that the Court approve costs of ▮▮▮▮▮ and attorneys' fees of 25 percent or ▮▮▮▮▮." (ECF No. 509 at 11:5–6.)

Plaintiffs' attorneys estimate the total costs associated with the case to be approximately $225,000.00. (*Id.* at 11:11–12.; ECF No. 509-1, Ex. A ¶ 3.) Assuming S.R.S. receives ▮▮▮▮▮ of the settlement allocation, S.R.S. would be responsible for ▮▮▮▮▮ of those fees, or ▮▮▮▮▮. However, Plaintiffs' counsel do not seek to recover their full $225,000 in costs. Plaintiffs' counsel represent that they "reduced the costs substantially for all parties by eliminating much of the in-house expenses and travel costs of the parties" and reduced costs to "approximately $188,000." (ECF No. 509 at 11:14–

1   15; ECF No. 509-1, Ex. A ¶ 6.) ▮▮▮ of $188,000 is ▮▮▮. But, to reduce
2   S.R.S.'s obligation, Michael and Paloma Serna have offered to pay more than their share
3   of the costs, thus requiring S.R.S. to pay ▮▮▮ rather than ▮▮▮. (ECF No. 509 at
4   11:15–17.) Having reviewed the materials provided by the parties, the Court finds such
5   costs to be fair and reasonable to S.R.S.

As for attorney's fees, the parties "request[] approval for attorneys' fees of 25% of the minor's settlement amount." (*Id.* at 11:19–20.) "Generally, fees in minors cases have historically been limited to 25% of the gross recovery." *Napier by & through Quiroz v. San Diego Cnty.*, No. 315CV00581CABKSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017). To determine whether the fee is reasonable, courts consider a myriad of factors including: the amount of the fee in proportion to the value of the services performed, the novelty and difficulty of the questions involved and skills required, the amount involved and the results obtained, and the experience and ability of the attorney. Cal. Rule of Ct. 7.955(b).

S.R.S.'s counsel have extensive experience and have worked on this case on a contingency basis for the past five years, handling discovery, experts, and trial preparation while advancing substantial costs. (*See* ECF No. 509-1, Ex. A ¶¶ 9–15, 19.) Further, counsel have achieved excellent results in this case by obtaining ▮▮▮ for S.R.S. Because the fees requested do not exceed 25% of S.R.S.'s gross recovery, and because counsel achieved extraordinary results in this case, the amount requested is reasonable and fair.

### C.  Motions to Seal

Because approval of the minor's compromise in this action effectively concludes this case, the Court shall apply the compelling reasons standard to the parties' motions to seal.

#### 1.  S.R.S.'s Name

The parties seek to redact or abbreviate all references to S.R.S.'s full name. (ECF No. 508.) Federal Rule of Civil Procedure 5.2.(a)(3) sets a default rule that any party filing

a document containing the name of an individual known to be a minor include only the minor's initials. Here, S.R.S. is eight years old and a minor. Therefore, the default rule applies. Accordingly, the Court **GRANTS** the parties' request to use S.R.S.'s initials in place of her full name anywhere it appears in the parties' materials. Where S.R.S.'s full name appears as part of an exhibit, such as part of a settlement payout schedule or on her adoption decree, the parties are **ORDERED** to redact her full name, pursuant to Rule 5.2.(d).

### 2. Settlement Allocations and Attorneys' Fees and Costs

The parties further request leave of the Court to seal all references to how the settlement shall be allocated. (ECF Nos. 508, 512.) In support, the parties state that they seek to protect S.R.S.'s privacy interests, which may be compromised due to the intense media attention on this case. The parties seek to seal the settlement allocation granted to each recipient so as to prevent anyone from deducing the amount S.R.S. receives. The Court finds these reasons compelling and persuasive. These reasons also support sealing information related to the amount of fees and costs S.R.S. must pay because these amounts are determined by her individual recovery. Thus, at the request of the parties and for the protection of the minor, the Court **GRANTS** the Motions to Seal the allocations of the settlement. (ECF Nos. 508, 512.)

### IV. CONCLUSION

The parties' Joint Petition for Order Approving Settlement Involving a Minor and Distribution of Settlement Funds is hereby **GRANTED**. (ECF No. 509.) The parties are **ORDERED** that the settlement be implemented according to its terms.

Further, the parties' Motions to Seal are hereby **GRANTED**. (ECF Nos. 508, 512.) Plaintiffs are instructed to file public versions of the Petition for Approval of Minor's Compromise (ECF No. 509), and of the Settlement Agreement (ECF No. 513), with the sealed information **redacted**, on the public docket **three days** from the date of this Order. *See* Chambers Rule 5.A. (requiring parties to file under seal **only** the portions of documents

1  necessary to protect sensitive information). Parties may reference the redactions in this
2  Order as a guide.
3      The parties having disposed of all pending claims, the Clerk of the Court is directed
4  to close the case. Per the settlement agreement, Judge Leshner shall retain jurisdiction to
5  enforce the Agreement for a one-year period beginning June 28, 2024. (ECF No. 513 at
6  13.)
7      **IT IS SO ORDERED.**

9  **DATED: September 10, 2024**

Hon. Cynthia Bashant
United States District Judge