UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ELISA SERNA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 20-cv-2096-BAS-DDL<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO RECONSIDER AND TO STRIKE AND SEAL CIRB-RELATED DOCUMENTS**<br><br>[Dkt. No. 526] |

Currently before the Court is the parties' Joint Motion to Reconsider and to Strike and Seal CIRB[1] Related Documents. Dkt. No. 526. Due to a February 2025 court ruling in *Greer v. County of San Diego*, 127 F.4th 1216 (9th Cir. 2025), the parties seek an order from the Court (1) reconsidering its Augst 30, 2023 order compelling the production of CIRB reports and other information, (2) striking documents from the docket that contain privileged CIRB information, (3) destroying

---

[1] CIRB stands for County Sheriff's Critical Incident Review Board.

various lodgments, and (4) sealing current expert reports and portions of depositions that contain confidential CIRB information. *Id.*

## BACKGROUND

On October 7, 2022, the court in *Greer v. County of San Diego*, 634 F.Supp.3d 911, 921 (S.D. Cal. 2022) held that the attorney-client privilege did not apply to CIRB Reports as their primary purpose is investigative and remedial in nature, not to obtain legal advice.

On August 30, 2023, the Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Production of Documents. Dkt. No. 220. In the order, the Court concluded that thirty-three of the thirty-five CIRB Reports at issue contained information relevant to Plaintiffs' claims, were not protected by the attorney-client privilege, and that their production was proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). *Id.*

On October 4, 2023, the County produced the redacted CIRB reports to Plaintiffs. Dkt. No. 526 at 2.

On February 10, 2025, the Ninth Circuit held the CIRB Reports at issue in *Greer* are protected by the attorney-client privilege. *Greer*, 127 F.4th at 1219. The Ninth Circuit determined that the lower court erred in determining that "the primary purpose of the CIRB, and the documents it generates, is not to obtain legal advice." *Id.* at 1224.

On March 17, 2025, Intervenors-Appellees, The San Diego Union Tribune, LLC; Prison Legal News; and Voice of San Diego filed a Petition for Rehearing and Rehearing *En Banc*. *See* Case No. 23-55607 at Dkt. No. 76-1.

On April 7, 2025, the Ninth Circuit directed Appellant to file a response to the Petition for Panel Rehearing and Petition for Rehearing En Banc. *Id.* at Dkt. No. 81. Defendant-Appellant filed a Response to the Petition for Rehearing En Banc on May 28, 2025. *Id.* at Dkt. No. 86.

On June 27, 2025, the parties filed the instant motion. Dkt. No. 526.

## PARTIES' POSITION

The parties request that the Court reconsider its August 30, 2023 Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Production of Documents. ECF No. 526. Specifically, the parties ask the Court to reconsider its order requiring the County to produce CIRB records and the related CIRB spreadsheet. *Id.* at 2. In support, the parties argue that in light of *Greer*, wherein the Ninth Circuit held that the County's CIRB Reports and spreadsheet were privileged and should be returned or deleted, the Court should reconsider its prior ruling. *Id.* The parties note that since *Greer*, other courts in this district have granted the County's requests for reconsideration and found the County's CIRB Reports and spreadsheet to be privileged. *Id.*

The parties also seek an order striking documents from the Court's record and destroying lodgments that contain privileged CIRB information. ECF No. 526 at 3-4. Finally, the parties seek an order sealing certain documents on the docket. *Id.* at 5.

## DISCUSSION

The Court **DENIES** the parties' Joint Motion to Reconsider and to Strike and Seal CIRB Related Documents without prejudice to refiling the motion pending resolution of the proceedings before the Ninth Circuit in *Greer*.[2] The parties shall notify the Court within three (3) business days of the conclusion of the proceedings in *Greer*.

---

[2] Should the parties refile their motion, they must comply with the Court's rules, Chambers Rules, and CM/ECF policies and procedures. A quality control email was sent to counsel from the Clerk's Office addressing the deficiencies in the instant motion. *See* Docket. Additionally, if the parties file a motion to seal, they must simultaneously file redacted versions of the documents they are seeking to have sealed. Finally, the parties should keep in mind that the Court is unable to strike or seal portions of documents. The Court can only strike or seal a document in its entirety.

Considering the Court's ruling, the hearing scheduled for August 5, 2025 at 11:00 a.m. is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 28, 2025

_/s/ David Leshner_
Hon. David D. Leshner
United States Magistrate Judge